UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

MARGIE BLOOME, Administrator for the
Estate of Daron Rhashawn Trollinger,

        Plaintiff,

        - against -

SILVER STREET DEVELOPMENT
CORPORATION; JOHN DOE,

        Defendants.
_____X

MARGIE BLOOME, Administrator for the
Estate of Daron Rhashan Trollinger,

        Plaintiff,

        - against -

ELISHABAH MARSHALL,

        Defendant.
_____X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
14-CV-3158 (ARR)(CLP)

14-CV-3159 (ARR)(CLP)

ROSS, United States District Judge:

    On May 13, 2014 and May 14, 2014, pro se plaintiff Margie Bloome ("Bloome") filed these two complaints. The complaints are consolidated solely for the purpose of this Order. Presently before the court are plaintiff's requests to proceed in forma pauperis. See 14-CV-3158, Dkt. #5; 14-CV-3159, Dkt. #2. For the reasons set forth below, the court denies plaintiff's applications.

1

## BACKGROUND

Bloome, a resident of New York, is the grandmother of Daron Rhashawn Trollinger ("Trollinger"), who was murdered in Pennsylvania on May 16, 2012. Bloome was appointed the administrator of Trollinger's estate on May 29, 2012. She brings an action against the real estate companies that owned or managed the apartment buildings where the murder occurred, Eagle Ridge Apartments in Edwards, Pennsylvania, and the buildings where her grandson had recently lived at the time of his death, Hilltop Apartments, in Edwardsville, Pennsylvania, seeking increased security for residents of those properties. She also brings an action against her grandson's girlfriend, Elishabah Marshall ("Marshall"), whom she accuses of defrauding Trollinger's estate of $700.00.

In her case regarding the building security, Bloom's statement of claim against defendants Silver Street Corporation and "John Doe" states, in its entirety: "Grandson murdered, no security, broken lock, no cameras, at the Eagle Ridge Apartment Location. [At] Hilltop Apartments no Security, no camera. Grandson was murdered and someone from Hilltop Apartment committed ID [theft], fraud against him 5 hours after [he was] murdered." See Bloome v. Silver Street Development Corp., 14-CV-3158, Compl., Dkt. #1, at 3. Bloome states that she has suffered emotional and financial distress. Id. She seeks an order from this court directing defendants "to beef up security camera, fix all door locks," and install a "central monitoring station," and she seeks $5 billion in damages. Id. at 4.

In her complaint against Marshall, Bloome alleges that just hours after her grandson was murdered, Marshall telephoned Trollinger's bank and had a new ATM card issued to Trollinger and mailed to her apartment. See Bloome v. Marshall, 14-CV-5159, Compl, Dkt. #1, at 3. On

June 1, 2012, Marshall used the new card at an ATM in Camden, New Jersey to withdraw $707.34 in Social Security funds from Trollinger's account. Id. at 3, 11. Bloome raised her allegations against Marshall with the bank, the police departments in Camden, New Jersey and Edwardsville, Pennsylvania, and the Social Security Administration. Bloome attaches a report from the Social Security Administration ("SSA") which indicates that its Office of the Inspector General has jurisdiction of the investigation into Bloome's allegations of fraud. Id. at 28. Bloome does not provide the results of the SSA's investigation. She files this action against Marshall alleging bank fraud, identity theft, "interstate delivery of stolen item, use of privat[e]ly own mail company to deliver stolen items, [and] use of telephone to commit crime," resulting in "emotional and financial injuries." Id. at 2-3. She does not state what remedy she seeks.

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1914(a), the filing fee to commence a civil action is $350, plus an additional cost of $50, for a total of $400. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. "Leave to proceed in forma pauperis may be granted 'in any suit, action or proceeding, civil or criminal, or appeal therein' to a litigant who 'submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.'" Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002) (citing 28 U.S.C. § 1915(a)(1)). "The decision of whether to grant a request to proceed in forma pauperis is left to the District Court's discretion under § 1915." Id.

3

In her two applications to proceed in forma pauperis, which are not identical but comparable in substance, Bloome states that her monthly income from worker's compensation and disability payments is approximately $3,600.00 per month and she has $10,000.00 in her checking or savings account. Her monthly expenses total roughly $2,000, including her payments on credit card debts and a mortgage. The court finds that plaintiff's financial declaration does not support a finding of indigency. Accordingly, the court denies plaintiff's applications to proceed in forma pauperis.

## II. Subject Matter Jurisdiction

The court cautions plaintiff that, if she chooses to pay the filing fee to continue one or both of these actions, her claims can only go forward if the court has subject matter jurisdiction.

A plaintiff, even if proceeding pro se, must establish that the court has subject matter jurisdiction over the action. See Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007) (noting that plaintiff has burden of proving by a preponderance of the evidence that subject matter jurisdiction exists); Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) ("Although we construe a pro se plaintiff's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action.") (internal citations omitted).

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005); Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic, 582 F.3d 393,

4

397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, United States v. Cotton, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court sua sponte. Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Where a court lacks subject matter jurisdiction, dismissal is mandatory. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see also Fed. R. Civ. P. 12(h)(3).

A federal court has subject matter jurisdiction when a complaint presents a federal question. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The facts alleged by plaintiff in these complaints do not suggest a violation of the United States Constitution or any federal laws by any of the defendants or other actors named in the complaints. See Fisher v. Silverstein, No. 99 Civ. 9657(SAS), 2004 WL 1933610, at *5 n.60 (S.D.N.Y. Aug. 30, 2004) ("The general allegation of the existence of a Federal question is ineffective unless the matters constituting the claim for relief as set forth in the complaint raise a Federal question."). To the extent that plaintiff seeks to prosecute Marshall for bank fraud, identity theft, or other crimes, this is not her province. See Leeke v. Timmerman, 454 U.S. 83, 85–86 (1981) (private citizen has no right to the prosecution or nonprosecution of another individual). Accordingly, as currently stated, the court does not have federal question jurisdiction over either of plaintiff's complaints.

A federal court also has subject matter jurisdiction over a state law claim if the plaintiff and defendant(s) are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff lives in New York, but if she brings suit in her capacity as the administrator of her grandson's estate, she is deemed to be a citizen of the same state as her grandson. 28 U.S.C. § 1332(c)(2). It appears that her grandson resided in Pennsylvania at the time of his death. Therefore, the court would not have diversity jurisdiction over plaintiff's claim against Marshall, who is identified in the complaint as a Pennsylvania resident. In any event, to the extent that plaintiff's allegations against Marshall relate to the $700 allegedly taken from Trollinger's bank account, this claim would fail to satisfy the amount in controversy requirement.

Plaintiff's complaint against Silver Street Development Corporation can be liberally construed as a state law negligence claim alleging that the real estate companies should be held liable for her grandson's death due to inadequate security measures. Although plaintiff provides a Maine address for defendant Silver Street Development Corporation, her complaint provides no information concerning the residency of the "John Doe" defendant. In order for this claim to go forward on the basis of diversity jurisdiction, plaintiff must plead and establish that all defendants are citizens of states other than Pennsylvania and that the amount in controversy exceeds $75,000.

The court further cautions plaintiff that, even if the court has subject matter jurisdiction over a claim, a complaint still may be subject to dismissal on other grounds. For example, a defendant can move to dismiss a complaint that fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## CONCLUSION

The court denies plaintiff's applications to proceed in forma pauperis because it finds that plaintiff's financial declaration does not support a showing of indigency. Therefore, if plaintiff wishes to proceed with either or both of these actions, she must pay the filing fee of $400 for each action she wishes to continue. The fee must be paid to the Clerk of Court of the Eastern District of New York within fourteen (14) days from the date of this Memorandum and Order. If plaintiff fails to submit the filing fee within the time allowed, the complaints shall be dismissed without prejudice.

Even if plaintiff pays the filing fee of $400 within the allotted time to file, however, plaintiff is on notice that any complaint will be dismissed if the court lacks subject matter jurisdiction over the action, and may also be subject to dismissal if it fails to state a claim upon which relief may be granted.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
June 11, 2014

**SERVICE LIST**

Plaintiff
Margie Bloome
11 Bedford Street
Copiague, NY 11726